FILED

OCT - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

Suriya BEGUM
8805 Sylvania Street
Lorton, VA 22079

    Plaintiff,

vs.

ALBERTO GONZALES, U.S. Attorney General,
U.S. Department of Justice, 950 Pennsylvania
Avenue, N.W., Washington, D.C. 20530-0001

MICHAEL CHERTOFF, Secretary of Department
of Homeland Security,

425 Murray Drive, Building 410,

Washington, D.C. 20528

MICHAEL PETRUCELLI, Interim Director, US
Citizenship & Immigration Service,

425 I Street, N.W., Washington, D.C. 20536

PHYLLIS HOWARD, District Director,

US Citizenship and Immigration Services,
Washington District Office
2675 Prosperity Avenue
Fairfax, VA 22031

ROBERT MULLER, Director, The Federal
Bureau of Investigation, Washington Metropolitan
Field Office, 610 4th Street, N.W., Washington,
D.C. 20535

    Defendants.

CASE NUMBER 1:05CV02009

JUDGE: Henry H. Kennedy

DECK TYPE: General Civil

DATE STAMP: 10/11/2005

**COMPLAINT FOR MANDAMUS
PURSUANT TO 28 U.S.C. §1361**

## VERIFIED COMPLAINT FOR MANDAMUS

To the Honorable Judge of Said Court:

### I. INTRODUCTION

1.    This civil action is brought by the Plaintiff Suriya Begum, to compel the Defendants and those acting under them to take action on the petition for alien relative (Form I-130), filed by Ms. Begum on April 28, 1998 to benefit her husband, Mohammad ISMAIL. The Defendant has failed to adjudicate the I-130 petition filed by Ms. Begum for the benefit of her husband who is

implicitly being denied an opportunity to join his U.S. citizen wife and six (6) children in the United States. The Defendants has no legitimate explanation for this delay and, under any accepted standards, more than 7 years is not a reasonable time for an application to be processes.

## II. JURISDICTION AND VENUE

2.  This court has jurisdiction over this action pursuant to 28 U.S.C.§ 1331(federal subject matter jurisdiction) in conjunction with 28 U.S.C. §1361(mandamus), the Administrative Procedure Act ("APA")(5 U.S.C.§555(b), and the Immigration and Nationality Act and regulations implementing it (Title 8 of the C.F.R.).

3.  Under 28 U.S.C.§ 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C.§ 1331because this action arises under 28 U.S.C.§ 1361(mandamus), the Administrative Procedure Act ("APA") (5 U.S.C.§ 555(b) and 5 U.S.C.§ 702 *et seq.*, and the Immigration and Nationality Act and regulations implementing it (Title 8 of the C.F.R.).

4.  Under 28 U.S.C.§ 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." aid of the Court is invoked under 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment.

5.  The APA requires USCIS to carry out its duties within reasonable time. The provision of the APA that provides this is 5 U.S.C. § 555(b), which states that "[w]ith due regard for convenience and necessity of the parties or their representatives and within reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 U.S.C. § 555(b).

Ms. Begum asserts that 7 1/3 years is, by far, an unreasonable time to process an I-130 application

6. Both regulations and the INA provide numerous examples of duties owed by the USCIS regarding different classes of applicants. 8 U.S.C.§ 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added) The language of the statute and regulations is mandatory, not discretionary, and requires the Defendants to adjudicate the cases which were filed according to the agency's own regulation and with the payment of the required fee.

7. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, and 28 U.S.C. § 2412(d), *et seq*.

8. Venue of this action is proper under 28 U.S.C. §1391(e)(3). All the Defendants have their headquarters in Washington, District of Columbia.

### III. PARTIES

9. The Plaintiff, Ms. Suriya Begum, a native of Pakistan and naturalized U.S. citizen since September 23, 1999, is the wife of Ismail Mohammad. She lives at 8805 Sylvania Street, Lorton, Virginia 22079 with some of their six children: JABEEN, Imrana; ZAIB, Aurang; JEHAN, Ishrat; AHMA, Hussain; SAEED, Mohammad; and JABEEN, Memona. Ms. Begum is the proper plaintiff for the Defendants' failure to adjudicate the I-130 application for 7 1/3 years.

10. The Defendants are responsible for the administration of the Immigration and Nationality Act ("INA") and regulations implementing it (Title 8 of the C.F.R.). As such, the Defendants are responsible for the agencies which they direct, those acting under them, and the coincident actions and responsibilities of the U.S. Government. Defendants are sued herein in their

official capacities. The Federal Bureau of Investigation ("FBI") is sued because it is its responsibility to complete any name and/or security checks for a person that intends to come in the Unites States. On November 25, 2002, the President signed into law the Homeland Security Act of 2002 (Pub. L. No. 107-296), which created the new Department of Homeland Security (DHS). Pursuant the provisions of the Homeland Security Act, DHS came into existence on January 24, 2003. As provided by the Homeland Security Act and by the Department of Homeland Security Reorganization Plan of November 25, 2003, as modified (Reorganization Plan), the functions of the INS of the Department of Justice, and all authorities with respect to those functions, were transferred to DHS on March 1, 2003, and the INS was abolished on that date. The transition and savings provisions of the Homeland Security Act, including sections 1512 (d) and 1517, provide that references relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS.

## IV. FACTS

11.     Ms. Begum, a native of Pakistan, became naturalized citizen of the United States on September 23, 1999.  Her husband, Ismail Mohammad, a 59-year-old native of Pakistan, was admitted to the United States in the 1980's on L-1 nonimmigrant status, and adjusted in 1992 to that of a Lawful Permanent Resident based on his business activities.

12.     Mr. Ismail's Permanent Resident status was revoked after he was convicted, on January 25, 1995, of conspiracy and fraud under 18 U.S.C. §§ 371, 542, and 2; and of filing false tax returns under 26 U.S.C.§7206. Mr. Ismail was sentenced to 30 months imprisonment. Upon his release, in June 1997, he was detained by the INS at Oakdale federal facility until his release on bond.  He appeared at his deportation hearing in Washington District Immigration Court and arrived in Lahore airport pursuant to INS deportation schedule on May 20, 1998.  Mr. Mohammad currently resides in Islamabad, Pakistan.

## I-212 WAIVER PETITION

13. On April 27, 1998, the INS received Mr. Ismail's Application to Reenter After Deportation (the older Form I-212), Receipt No. EAC- 98-152-52814, filed with the then INS, Vermont Service Center. On balancing the negative and positive factors, Mr. Ismail's petition was denied on November 13, 1998 and timely appealed. On March 8, 2005 the AAO responded to an inquiry stating that the appeal had been adjudicated on July 6, 1999 and transferred that day to the Vermont Service Center. A decision on the appeal has never been received by Mr. Ismail, Ms. Begum nor their attorney.

14. At the time of this writing, the USCIS website provides the only information available regarding the AAO decision. The website states, "[O]n February 1, 1999, this case was transferred to our Administrative Appeals Office [AAO] for review. That office will notify you of any further action taken on this case."

15. On July 14, 2005, a letter was sent to the USCIS, Vermont Services Center, requesting that the USCIS post the decision action and mail to this office the final decision of the AAO.

16. More than five attempts to obtain an appointment to make a copy at the INS conventional reading room have been made by both Ms. Begum and The International Business Law Firm, PC. One time a person trip was made to the INS conventional reading room, but admittance was denied without an appointment. Once The International Business Law Firm's call was returned. Information was given to the clerk who promised to call when she found the decision. To this date, Mr. Ismail and his wife had no idea whether the I-212 appeal was granted or denied.

## I-130 PETITION

17. On April 28, 1998, the INS received the Petition for Alien Relative (Form I-130),

Receipt No. EAC-98-152-52410, filed by Ms. Begum in the benefit of Mr. Ismail. The INS acknowledged on the notice that "[i]t usually takes 100 to 130 days from this date of this receipt [April 29, 1998] for us to process this type of case."

18.     On June 23, 1998, the INS transferred the I-130 to the INS office at: Room 210, 4420 North Fairfax Drive, Arlington, VA 22203. "That office will notify you when they schedule an interview on the application or petition. Any further inquiries should be made to that office."

19.     On April 11, 2000, Law Offices of Robert Price, P.C., through Marry Sue Donovan, Esq., placed a status inquiry with the Washington District Office regarding the I-130, stating that the "beneficiary is abroad, petitioner is USC [U.S.citizen] (they have six children!)." There was no response on behalf of the INS.

20.     On June 22, 2000, a second inquiry was filed regarding the I-130. The document bears the INS notations: "Soyster called 7/3/00. 'En route to exams' 307-1683."

21.     On December 21, 2001, Mr. Ismail received from the U.S. Department of State a letter informing him that he might be eligible for a "V" visa as a consequence of his pending I-130 petition. However, because the I-212 waiver appeal decision was unknown, Mr. Ismail could not apply for a "V" visa.

22.     On April 4, 2003, Law Offices of Robert Price, P.C. submitted to BCIS, Director of the Washington District Office, Attention Mr. Robert Schofield, a request for expedited attention/action on the I-130 petition filed by Ms. Begum. At that date, more than 4 ½ years ago without an interview being scheduled. There has been no response from the BCIS's office.

23. On March 3, 2005, The International Business Law Firm, P.C., the successor in interest of Law Offices of Robert Price, P.C., through a letter addressed to the US Department of Homeland Security, USCIS, Washington District Office, informed the USCIS about the changes in representatives status, reminded the USCIS about the lack of response to the previous request submitted on April 4, 2003, and requested again the adjudication of the I-130 petition.

24. As of this date there has been no response from the USCIS regarding the adjudication of I-130 petition. All the inquiries made on behalf of Ms. Begum hit a wall of silence. No adjudication or other explanations was provided for the Defendants' failure to act for this unreasonable period of time.

## V. REQUEST FOR RELIEF

### COUNT ONE

(Unreasonable Delay)

25. The allegations contained in paragraphs 1 through 24 above are repeated and realleged as though fully set forth herein.

26. Ms. Begum filed the I-130 petition, paid the required fee and was entitled to receive a response in a reasonable period of time.

27. The Defendants has willfully and unreasonably delayed the adjudication of the I-130 petition.

28. The delay in adjudicating the I-130 petition is not attributable to Ms. Begum or Mr. Ismail.

29. The Defendant owes Ms. Begum a duty to adjudicate the I-130 petition and has unreasonably failed to perform that duty. This duty is owed under the INA and regulations, as well as by the fact that by charging a filing fee, the USCIS created for itself an obligation to process and adjudicate the petition.

30. The delay is unreasonable per se.

31. The delay is unreasonable in light of USCIS estimated processing times and press releases claim improved processing times and increased efficiency. Currently, the Vermont Services Center process I-130 petitions filed by U.S. citizens that were received on August 6, 2005.

32. The delay is unreasonable in light of the transfer Notice issued by the INS on June 23, 1998 stating that "[t]he preliminary processing of the... application has been completed." Since the preliminary processing had been completed by June 23, 1998, it is unreasonable for a petition to be completely abandoned for more than 7 years.

33. The delay is unreasonable in the light of the facts that the beneficiary has been deprived of an opportunity to join his U.S. citizen and six children in the United States. Two of the children, JABEEN, Imrana and JABEEN, Memona are having medically attested disabilities. Mr. Ismail has relayed heavily on his brother, Mohammad Bashir, to take care of his family during his absence from the United States.

34. The delay is unreasonable in light of the fact that USCIS has been unable to adequately respond to any of the Plaintiff's inquiries on her application.

35. By making numerous inquiries on the status of the application, Ms. Begum has exhausted any and all administrative remedies that may exist. No other remedy exists to resolve Defendant's delay and lack of ability or willingness to adjudicate Ms. Begum's I-130 petition.

36. Mandamus is appropriate because there is no other remedy at law. But Plaintiff seeks to compel a decision to be made, in terms of both mandamus, and in terms of the Administrative Procedures Act for administrative action wrongfully withheld.

**WHEREFORE**, and in light of the foregoing, Plaintiff, Ms. Suriya Begum, prays that this Court:

A. Assume jurisdiction herein;

B. Compel Defendants and those acting under them to perform their duties to adjudicate the I-130 petition;

C. Compel Defendants to make available a copy of the AAO decision adjudicating the denial of the I-212 waiver;

D. Award attorneys' fees, costs and expenses under the Equal Access to Justice Act; and

E. The Court grant such other and further relief as this Court deems proper under the circumstances.

Respectfully submitted, this 11th day of October, 2005.

_____
Steffanie J. Lewis
DC State Bar No. 373 078
The International Business Law Firm, P.C.
1915 Eye Street, NW, Suite 500
Washington, D.C. 20006-2118
Tel. (202) 296-1111; Fax (202) 296-1175
E-mail: slewis@iblf.com
Attorneys for Petitioner Suriya Begum

**VERIFICATION**

Steffanie J. Lewis, under penalty of perjury, states the following:

1. I am an attorney admitted to practice before this Court. I am Vice President of the International Business Law Firm, P.C., the attorneys for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the content of the foregoing Complaint upon information and belief. The sources of my information and belief are documents provided to me by, and conversations with,