

**U.S. Department of Justice**

Immigration and Naturalization Service

*OFFICE OF ADMINISTRATIVE APPEALS*
*425 Eye Street N.W.*
*ULLB, 3rd Floor*
*Washington, D.C. 20536*

MOHAMMAD ISMAIL
C\O SURIYA BEGUM
7928 EDINBURGH DRIVE
SPRINGFIELD, VA 22153

FILE:    A71 797 114    Office: Vermont Service Center    Date: JUN 3 0 1999

IN RE: Applicant:    MOHAMMAD ISMAIL

APPLICATION: Application for Permission to Reapply for Admission into the United States after Deportation or Removal under § 212(a)(9)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(9)(A)(iii)

IN BEHALF OF APPLICANT:

MARY SUE DONAVAN
1915 EYE ST., N.W. #500
WASHINGTON, DC 20006

INSTRUCTIONS:

This is the decision in your case. All documents have been returned to the office which originally decided your case. Any further inquiry must be made to that office.

If you believe the law was inappropriately applied or the analysis used in reaching the decision was inconsistent with the information provided or with precedent decisions, you may file a motion to reconsider. Such a motion must state the reasons for reconsideration and be supported by any pertinent precedent decisions. Any motion to reconsider must be filed within 30 days of the decision that the motion seeks to reconsider, as required under 8 C.F.R. 103.5(a)(1)(i).

If you have new or additional information which you wish to have considered, you may file a motion to reopen. Such a motion must state the new facts to be proved at the reopened proceeding and be supported by affidavits or other documentary evidence. Any motion to reopen must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires my be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and beyond the control of the applicant or petitioner. Id.

Any motion must be filed with the office which originally decided your case along with a fee of $110 as required under 8 C.F.R. 103.7.

FOR THE ASSOCIATE COMMISSIONER,
EXAMINATIONS

Terrance M. O'Reilly, Director
Administrative Appeals Office



EXHIBIT A

2

**DISCUSSION:** The application was denied by the Director, Vermont Service Center, and is now before the Associate Commissioner for Examinations on appeal. The appeal will be dismissed.

The applicant is a native and citizen of Pakistan whose status was adjusted to that of lawful permanent resident on February 11, 1992. On April 14, 1995, he was convicted of the offense of conspiracy to defraud the United States and false statements to U.S. customs in violation of 18 U.S.C. 371, 542 and 2. He was sentenced to 30 months imprisonment. On March 10, 1998, he was ordered removed from the United States under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (the Act), 8 U.S.C. 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony. The applicant was removed on May 19, 1998, therefore, he is also inadmissible under § 212(a)(9)(A)(ii) of the Act, 8 U.S.C. 1182(a)(9)(A)(ii). The applicant seeks permission to reapply for admission into the United States under § 212(a)(9)(A)(iii) of the Act, 8 U.S.C. 1182(a)(9)(A)(iii), to rejoin his lawful permanent resident spouse and five children in the United States.

The director determined that the unfavorable factors outweighed the favorable ones and denied the application accordingly.

On appeal, counsel states that the director failed to consider the hardship that would be imposed upon his wife and five children.

Section 212(a)(9)(A) of the Act provides that:

    (ii) Any alien not described in clause (i) who-

        (I) has been ordered removed under § 240 of the Act or any other provision of law, or

        (II) who departed the United States while an order of removal was outstanding,

    and who seeks admission within 10 years of the date of such alien's departure or removal (or within 20 years of such date in the case of a second or subsequent removal or at any time in the case of an alien convicted of an aggravated felony) is inadmissible.

    (iii) EXCEPTION.-Clauses (i) and (ii) shall not apply to an alien seeking admission within a period if, prior to the date of the alien's reembarkation at a place outside the United States or attempt to be admitted from foreign continuous territory, the Attorney General has consented to the alien's reapplying for admission.

Section 212(a)(9)(A)(ii) of the Act provides that aliens who have been otherwise ordered removed, ordered deported under former §§ 242 or 217 of the Act, 8 U.S.C. 1252 or 1187, or ordered excluded under former § 236 of the Act, 8 U.S.C. 1226, and who have actually been removed (or departed after such an order) are inadmissible

for 10 years (or 20 years for an alien convicted of an aggravated felony).

Section 212(a)(6)(B) of the Act, 8 U.S.C. 1182(a)(6)(B), was amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) and is now codified as § 212(a)(9)(A)(i) and (ii). According to the reasoning in Matter of Soriano, Interim Decision 3289 (BIA, A.G. 1996), the provisions of any legislation modifying the Act must normally be applied to waiver applications adjudicated on or after the enactment date of that legislation, unless other instructions are provided. IIRIRA became effective on September 30, 1996.

An appeal must be decided according to the law as it exists on the date it is before the appellate body. See Bradley v. Richmond School Board, 416 U.S. 696, 710-1 (1974). In the absence of explicit statutory direction, an applicant's eligibility is determined under the statute in effect at the time his or her application is finally considered. If an amendment makes the statute more restrictive after the application is filed, the eligibility is determined under the terms of the amendment. Conversely, if the amendment makes the statute more generous, the application must be considered by more generous terms. Matter of George, 11 I&N Dec. 419 (BIA 1965); Matter of Leveque, 12 I&N Dec. 633 (BIA 1968).

The Service has held that an application for permission to reapply for admission to the United States may be approved when the applicant establishes he or she has equities within the United States or there are other favorable factors which offset the fact of deportation or removal at Government expense and any other adverse factors which may exist. Circumstances which are considered by the Service include, but are not limited to: the basis for removal; the recency of removal; the length of residence in the United States; the moral character of the applicant; the alien's respect for law and order; the evidence of reformation and rehabilitation; the existence of family responsibilities within the United States; any inadmissibility to the United States under other sections of the law; the hardship involved to the alien and to others; and the need for the applicant's services in the United States. Matter of Tin, 14 I&N Dec. 371 (Reg. Comm. 1973). An approval in this proceeding requires the applicant to establish that the favorable aspects outweigh the unfavorable ones.

It is appropriate to examine the basis of a removal as well as an applicant's general compliance with immigration and other laws. Evidence of serious disregard for law is viewed as an adverse factor. Matter of Lee, 17 I&N Dec. 275 (Comm. 1978). Family ties in the United States are an important consideration in deciding whether a favorable exercise of discretion is warranted. Matter of Acosta, 14 I&N Dec. 361 (D.D. 1973).

The favorable factors in this matter are the applicant's family ties, the need for the applicant's presence to care for minor children, and the prospect of general hardship to the family.

The unfavorable factors in this matter include the applicant's criminal record, his recent removal, and his lack of good moral character.

The applicant's actions in this matter cannot be condoned. The applicant's offense was very serious and his removal was quite recent. He has not established by supporting evidence that the favorable factors outweigh the unfavorable ones.

Matter of Goldeshtein, 20 I&N Dec. 382 (BIA 1991), held that an application for discretionary relief may be denied in the exercise of discretion without express rulings on the question of statutory eligibility. In that matter, the immigration judge found that there may be hardship in that particular case but denied the waiver request as a matter of discretion because the applicant's offense was "very serious."

In discretionary matters, the applicant bears the full burden of proving eligibility in terms of equities in the United States which are not outweighed by adverse factors. See Matter of T-S-Y-, 7 I&N Dec. 582 (BIA 1957); and Matter of Ducret, 15 I&N Dec. 620 (BIA 1976). After a careful review of the record, it is concluded that the applicant has failed to establish he warrants the favorable exercise of the Attorney General's discretion. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

06/25/99/AAORDB01/N/71797114.212

